UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DONALD REYNOLDS,

    Plaintiff,

v.                                              CIVIL ACTION NO. 5:20-cv-00753

D.L. YOUNG, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Donald Reynolds' Motion for Preliminary Injunction [Doc. 21], Motion to Order Defendant Ansley to Cease with Retaliation [Doc. 42], Motion for Preliminary Injunction, or in the Alternative, Motion to Order Transfer [Doc. 49], and Motion to Reverse Retaliatory Actions via Restraining Order of Court [Doc. 57].

### I.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on July 26, 2021. Magistrate Judge Eifert recommended that the Court deny the Motion for Preliminary Injunction [Doc. 21], deny the Motion to Order Defendant Ansley to Cease with Retaliation [Doc. 42], deny the Motion for Preliminary Injunction, or in the Alternative, Motion to Order Transfer [Doc. 49], and deny the Motion to Reverse Retaliatory Actions via Restraining Order of Court [Doc. 57]. Of note, the PF&R provides that "this PF&R **does not** address the pending motions for summary judgment, or various other motions

filed by Reynolds concerning the production of evidence. This PF&R only analyzes the propriety of granting preliminary injunctive relief as requested by Reynolds in his four pending motions seeking that form of relief." [Doc. 79 at 4 (emphasis in original)]. Mr. Reynolds timely filed his objections on August 12, 2021, along with a filing styled as a memorandum of law in support of the aforementioned objections. [Docs. 84, 85].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In order to receive this extraordinary relief, the proponents "must establish that 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm absent preliminary relief; 3) the balance of the equities favors relief; and 4) the relief is in the public interest." *Leaders*

of a Beautiful Struggle v. Baltimore Police Dep't, 2 F.4th 330, 339 (4th Cir. 2021); see also Dewhurst, 649 F.3d at 290 (quoting WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009)).

"While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." Hancock v. Rickard, Civil Action No. 1:18-00024, 2018 WL 4496660, at *3 (S.D. W. Va. Aug. 13, 2018), report and recommendation adopted, 2018 WL 4495474 (S.D. W. Va. Sept. 19, 2018) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999)). "A court should not impose an injunction lightly, as it is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Cantley v. West Virginia Regional Jail and Corr. Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014) (cleaned up) (quoting Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc)).

The Court is instructed that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3662(a)(2). Further, the Court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(b) in tailoring any preliminary relief." Id.

It is well-settled that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Heyer v. United States Bureau of Prisons, 984 F.3d 347, 355 (4th Cir. 2021) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987)). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the

legitimate penological objectives of the corrections system." *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Prison officials are owed deference, and prisoners' constitutional claims receive a lower level of scrutiny than they might outside of prison walls." *Id.* at 355–56. Four factors are relevant when evaluating prison regulations:

> [1] whether the regulation has a "valid, rational connection" to a legitimate government interest;
>
> [2] whether alternative means are open to inmates to exercise the asserted right;
>
> [3] what impact an accommodation of the right would have on guards and inmates and prison resources; and
>
> [4] whether there are "ready alternatives" to the regulation.

*Desper v. Clarke*, 1 F.4th 236, 244 (4th Cir. 2021) (brackets in original) (quoting *Overton v. Bazzetta*, 539 U.S. 126 (2003)).

### III.

Mr. Reynolds' objections fit into three distinct categories. The first involves the merits of his claim, inasmuch as it relates to the PF&R recommendation that his motions for preliminary relief be denied. The second addresses whether Mr. Reynolds has exhausted his administrative appeal of the disciplinary action referenced in his Motion to Reverse Retaliatory Actions via Restraining Order of Court [Doc. 57]. The third involves descriptions of the record within the PF&R.

#### A. Objections Relating to the Recommended Denial of Preliminary Relief

The bulk of Mr. Reynolds' objections address the merits of his claim.[1] For instance,

---

[1] The Court discusses the merits only inasmuch as they bear upon his requests for preliminary relief. The Magistrate Judge has performed exemplary work in developing the circumstances and analysis culminating in the PF&R.

he asserts Defendants have no legal explanation why they denied Mr. Reynolds access to certain letters. [Doc. 84 at 6, 7]. However, the record is clear that Defendants allege that Mr. Reynolds is attempting to engage in prohibited business activities. [Doc. 79 at 9 (referencing Doc. 68 at 6)]. Additionally, Mr. Reynolds contends that he requires access to the rejected letters to refute this claim. [Doc. 84 at 6]. But whether Mr. Reynolds is entitled to such remedy is a matter not addressed by this PF&R. Nor will the denial of preliminary relief cause "irreparable harm," as on December 21, 2020, Magistrate Judge Eifert ordered FCI Beckley to "preserve and maintain any withheld or rejected mail by/to Plaintiff until further Order of the Court." [Doc. 20 at (granting Mr. Reynolds' request for an order compelling FCI Beckley to maintain and preserve any incoming mail to him that is withheld)]. Magistrate Judge Eifert later granted Mr. Reynolds' motion to expand the court order and ordered FCI Beckley to "instruct its third-party receiver of institutional mail to preserve and maintain any withheld or rejected mail by/to [Mr. Reynolds] until further Order of the Court." [Doc. 27]. At this stage, Mr. Reynolds cannot show that he is "clearly entitled" to preliminary relief, nor can he show that irreparable harm will result in the absence of preliminary relief.

Mr. Reynolds also objects that the PF&R did not surface or apply the *Turner* factors to determine whether the regulation relates to legitimate penological objectives. [Doc. 84 at 10, 11–12 (referencing Doc. 79 at 17, 21 and alleging Mr. Reynolds satisfied *Turner* factors)]. Mr. Reynolds alleges that "Defendants are exaggerating over any concerns of 'legitimate penological objectives.'" [*Id.* at 8]. However, evaluating the *Turner* factors in light of Mr. Reynolds' requests for preliminary relief, the Court finds his objections unavailing. The PF&R properly found -- as the Court does upon de novo review -- that Defendants provided sufficient information to conclude that Mr. Reynolds is unlikely to succeed on the merits. [*See* Doc. 79 at 20 (referencing *Johnson v. Wilkinson*, 42 F.3d 1338, at *3 (6th Cir. 1994) (per curiam and unpublished)); *see, e.g.*, Doc. 79 at

20–21 (discussing legitimate penological objectives for policy)]. Encouraging prisoners to write manuscripts while barring them from conducting a business may also serve any of the several legitimate penological objectives the PF&R referenced. [*Id.* at 20]. Mindful of the deference given to prison officials, the Court finds that the *Turner* factors do not support awarding Mr. Reynolds preliminary relief.

Mr. Reynolds contends that his case should meet the same resolution as a case from the District of Colorado. [Doc. 84 at 9 (citing *Jordan v. Pugh*, 504 F. Supp. 2d 1109 (D. Colo. 2007)); *see also* Doc. 84 at 11 (same)]. The case is inapposite. First, it dealt with an inmate sending letters to media outlets which then published the letters under the author's byline. *See Jordan*, 504 F. Supp. 2d at 1111–12. It did not, as here, deal with either publishing books or correspondence with publishing companies. Second, the court found that there was "no evidence linking an inmate's outgoing news media correspondence to an inmate conducting a business." *Id.* at 1124. Here, the Magistrate Judge has not made any findings regarding whether Mr. Reynolds was conducting a business beyond examining his allegations under our Court of Appeal's standard for preliminary injunctive relief. Thus, Mr. Reynolds' citations are non-binding, inapposite, and unpersuasive.

As noted, Mr. Reynolds also filed a Memorandum of Law in support of his objections. [Doc. 85]. To the extent it requests preliminary relief relating to his challenge of the regulations at issue, the Court **OVERRULES** the objections. None of the objections to the PF&R warrant preliminary relief.

### B. Objections Relating to Administrative Exhaustion of Disciplinary Appeals

The second set of Mr. Reynolds' objections relate to an incident report he alleges is part of the retaliatory actions against him. For instance, Mr. Reynolds objects to the PF&R by

reasserting that he was threatened to cease his complaints against the mailroom. [Doc. 84 at 3]. He asserts that Defendants concede that the administrative remedy process was unavailable to Mr. Reynolds. [*Id.* at 3, 5 (referencing Doc. 78 at 13 (hearing transcript))]. However, the transcript is clear that counsel for Defendants only admitted to treating Mr. Reynolds' allegations as true for the purposes of Defendants' motion for summary judgment. [Doc. 78 at 13].

Additionally, Mr. Reynolds objects to the statement in the PF&R that Mr. Reynolds has not appealed the determination of Disciplinary Hearing Office Leslie. [Doc. 84 at 13 (referencing Doc. 79 at 24)]. Mr. Reynolds instead alleges that he followed Magistrate Judge Eifert's suggestion to appeal the matter. [*Id.* at 14]. However, Mr. Reynolds' appeal does not challenge the conclusion within the PF&R; he has not yet exhausted his administrative remedies, and thus his Motion to Reverse Retaliatory Actions via Restraining Order of Court [Doc. 57] should be denied without prejudice as premature.

Finally, Mr. Reynolds objects to the PF&R description of the facts in a March 25, 2021, incident report. [Doc. 84 at 4 (referencing Doc. 79 at 7)]. He alleges that surveillance camera footage as well as certain documentary evidence will vindicate his claim of retaliation. [*Id.* at 4–5]. But, inasmuch as Mr. Reynolds has not yet exhausted his administrative appeals, this suggestion is premature. The Court accordingly **OVERRULES** the objections related to Mr. Reynolds' allegations of retaliation.

### C. Objections to General Descriptions of the Record in the PF&R

Mr. Reynolds' final set of objections address certain descriptions of the record in the PF&R. For instance, Mr. Reynolds objects to the portion of the PF&R stating he "has published multiple manuscripts through his publishing company." [*See* Doc. 84 at 2 (referencing Doc. 79 at 2)]. Although this background information is immaterial to the PF&R's recommendation, it

accurately states allegations within the case. [*See, e.g.*, Doc. 37 at 5, 21 n.8]. He also objects to the PF&R inasmuch as it states that he is "allegedly selling [his novels] as part of his own publishing business." [Doc. 79 at 18; *see* Doc. 84 at 10–11 (objecting to this description)]. However, this phrase in the PF&R is an accurate summary of what the BOP alleges Mr. Reynolds is doing. [*See, e.g.*, Doc. 42 at 4 (incident report)].

Additionally, Mr. Reynolds objects to the PF&R's quotation of Defendant Ansley's report. [Doc. 84 at 4 (referencing Doc. 79 at 5)]. However, the PF&R contains an accurate quote from Defendant Ansley's report. [*See* Doc. 79 at 5 (quoting Doc. 42 at 4)]. The merits of this report are not properly before the Court inasmuch as Mr. Reynolds has not yet exhausted his administrative appeals. Mr. Reynolds also objects to the description that he conducts "boot camp style courses" on publication. [Doc. 84 at 4 (referencing Doc. 79 at 6)]. However, again, the PF&R's description here is a true and accurate quotation from the incident report. [Doc. 79 at 6 (quoting Doc. 49 at 5)].

Finally, Mr. Reynolds objects multiple times to the characterization of his claim as a *Bivens* action. [Doc. 84 at 1, 5–6]. These objections are immaterial to the analysis performed by the PF&R and the Undersigned. The Court notes that Mr. Reynolds never referred to this action as a *Bivens* action and that the case was simply docketed as a *Bivens* action to approximate the nature of his claim. [Doc. 78 at 5]. In sum, all of the descriptions and quotations within the PF&R are fair and accurate. The Court thus **OVERRULES** Mr. Reynolds' objections to the descriptions of the record in the PF&R. Any remaining objections have been considered and summarily rejected as without merit.

## IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Reynolds' objections

[**Doc. 84**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 78**], **DENIES** the Motion for Preliminary Injunction [**Doc. 21**], **DENIES** the Motion to Order Defendant Ansley to Cease with Retaliation [**Doc. 42**], **DENIES** the Motion for Preliminary Injunction, or in the Alternative, Motion to Order Transfer [**Doc. 49**], and **DENIES** the Motion to Reverse Retaliatory Actions via Restraining Order of Court [**Doc. 57**].

      The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

      ENTERED: August 30, 2021

Frank W. Volk
United States District Judge