IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DONALD REYNOLDS,**

       **Plaintiff,**

v.                                                               **Case No. 5:20-cv-00753**

**D. L. YOUNG, Warden, et al.,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Donald Reynolds, proceeding *pro se*, seeks injunctive relief and money damages under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for alleged violations of his constitutional rights. This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending are Defendants' Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, (ECF No. 34), and Plaintiff's Motion for Summary Judgment, (ECF No. 50). For the reasons that follow, the undersigned respectfully recommends that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be **GRANTED**, in part, and **DENIED**, in part, and Plaintiff's Motion for Summary Judgment be **DENIED**.

**I.**    **Relevant Background**

Donald Reynolds has been an inmate at Federal Correctional Institution ("FCI") Beckley since January 2020. During his stay at FCI Beckley, Reynolds has published

several novels through his publishing company, Uncaged Minds. Reynolds complains that in May and October 2020, he had disagreements with employees of the Federal Bureau of Prisons ("BOP") who worked in the mail room at FCI Beckley and were, in Reynolds's view, mishandling or withholding his mail, including his manuscripts. Reynolds filed grievances over these instances. The May grievance was resolved amicably; however, the October grievance triggered retaliation by the mail room staff—in particular, Defendants Wiseman, Ansley, and Bannon. Reynolds claims that Wiseman confronted him about the October grievance and threatened that Reynolds would never receive his mail if he continued to complain about the mail handling. (ECF No. 12 at 5). Reynolds asserts that his incoming and outgoing mail has been repeatedly rejected since that time by the mail room defendants; by Defendants Manning and Sweeny, who are Special Investigative Services ("SIS") Officers, and by Defendant Young, the warden of FCI Beckley. Reynolds asks that the defendants be enjoined from continuing their wrongful rejection of his mail and that he be awarded compensatory damages for their violations of his constitutional rights.

## II.  Pending Motions

### A. Defendants' Motion to Dismiss or for Summary Judgment

On March 2, 2021, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 34). Defendants argue that Reynolds's complaint, (ECF No. 12), should be dismissed for four reasons. First, they posit that Reynolds has not exhausted his administrative remedies. They provide documents demonstrating that Reynolds has filed three administrative remedies at FCI Beckley involving his manuscripts or the mail room, (ECF No. 34-1 at 50), two of which were rejected, and none of which was appealed through all levels of the administrative remedy

2

process. (ECF No. 37 at 10).

Second, Defendants argue that Reynolds's claims are not cognizable under *Bivens*. Reviewing the pertinent law, Defendants describe Reynolds's claim as a "new context claim" and analyze whether it should be recognized using the special factors test set forth in *Ziglar v. Abassi,* 137 S. Ct. 1843, 1860 (2017). (*Id.* at 11-17). Defendants conclude that Reynolds has alternate remedies available to him, other than a *Bivens* action, and special factors weigh against expanding *Bivens* to include Reynolds's claims. Consequently, his claims should be dismissed.

Next, Defendants contend that Reynolds has not sufficiently stated a constitutional violation. (*Id.* at 17-24). Defendants assert that Reynolds has been conducting a business through his manuscripts and mail, and he is forbidden by BOP policy to conduct a business. Defendants indicate that all of the actions taken by them have been in furtherance of a valid BOP policy and thus are not retaliatory. Moreover, they point out that correctional facilities have every right to restrict an inmate's constitutional right to send and receive mail when the restrictions are "reasonably related to legitimate penological interests." (*Id.* at 20). Defendants state that, to the extent Reynolds seek damages for loss of his manuscripts or mail, he has not stated a claim of constitutional proportion and has meaningful post-deprivation remedies.

In support, Defendants attach a declaration of Michael Austin, the SIS Lieutenant at FCI Beckley. (ECF No. 34-1 at 2-5). Lt. Austin supplies the BOP's Program Statement 5265.14 on Correspondence and the FCI Beckley Mail Management Manual. (*Id.* at 9-44). He explains how the mail is processed and reviewed at FCI Beckley. He states that Defendants Banton, Wiseman, and Ansley have reviewed Reynolds's mail as part of their daily duties and have confirmed that Reynolds is operating Uncaged Minds as a business.

3

Lt. Austin testifies that Reynolds is provided with every piece of mail that is not related to running his business, but if a piece of mail contains even one sentence about business activities, it is rejected. Outgoing mail that violates BOP policy is returned to Reynolds.

Fourth, Defendants allege that they are entitled to qualified immunity from all claims seeking money damages. (ECF No. 37 at 24-25). They argue that Reynolds has failed to establish any constitutional violations under *Bivens*, and even if such causes of action existed under *Bivens,* Reynolds "has failed to state a claim upon which relief may be granted." (*Id.* at 25). Defendants take the position that injunctive relief is not available under *Bivens* and, as Reynolds states no compensable claim recognized by *Bivens* and its progeny, they request dismissal of the action.

### B. *Reynolds's Motion for Summary Judgment*

On April 5, 2021, Reynolds filed a Motion for Summary Judgment, asking for judgment in his favor, or for a discovery order. (ECF No. 50). Reynolds contends that there are material factual issues in dispute that prevent judgment in favor of Defendants. He argues that his alleged failure to exhaust administrative remedies cannot support dismissal, because Defendant Wiseman effectively rendered the administrative remedies unavailable. Reynolds relates that Wiseman berated him for filing a grievance and ordered him not to file any additional grievances, or Reynolds would never receive his mail and Wiseman would physically assault Reynolds. Reynolds adds that Defendants are not entitled to qualified immunity, because they knew that retaliating against him for exercising his First Amendment rights was a clearly established violation of his constitutional protections. On the issue of his First Amendment right to freedom of speech, Reynolds claims that the defendants have "chilled" that right by targeting him for retaliation. He asserts that the defendants have not disputed his claim of retaliation with

4

competent evidence, and therefore, he should be awarded judgment against them. Reynolds believes that the defendants have manufactured the claim that Reynolds is operating a business in violation of BOP policy to justify their unconstitutional behavior, and such a claim is pretextual. As proof, Reynolds attaches a book cover that he claims was accepted for mailing prior to the grievances he filed, as well as copies of rejection slips, refusing to deliver mail to Reynolds after the grievances were filed on the basis that the mailings violated the BOP policy against conducting a business.

### III.  Standard of Review

Defendants have moved for dismissal under Rule 12(b)(6). The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *also Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). As such, the court assumes that the facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor as the nonmoving party. *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)) (emphasis omitted).

While the court considers the facts in the light most favorable to the plaintiff, the court is not required to "accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Nevertheless, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient to "give the defendant fair notice" of what the claim is and "the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Generally, a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 46 (1957).

All of the parties have filed motions seeking summary judgment in their favor. Summary judgment is proper under Fed. R. Civ. P. 56 when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. The party moving for summary judgment

6

bears the initial burden of showing "an absence of evidence that demonstrates the existence of a genuine issue of fact for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

If the moving party meets this burden, then the burden shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322, n.3. The nonmoving party must do more than rely upon the allegations or the denial of allegations contained in his pleading to defeat a motion for summary judgment; instead, he must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256. Concrete evidence includes "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must not resolve disputed facts, nor weigh the evidence. *Russell v. Microdyne Corp.,* 65 F.3d 1229, 1239 (4th Cir. 1995). Instead, the court must accept as true the facts asserted by the nonmoving party and review the evidence "draw[ing] all justifiable inferences" in its favor. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991).

Even still, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano,* 557 U.S. 557, 586 (2009), (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Thus, while any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion,"

*Matsushita Elec. Indus. Co*, 475 U.S. at 587, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (citation omitted).

## IV. <u>Discussion</u>

Reynolds alleges First Amendment retaliation and violations of his First Amendment right to free speech. He seeks money damages and injunctive relief. After careful consideration of the memoranda and the relevant law, the undersigned **FINDS** that Reynolds cannot maintain a cause of action for money damages against the defendants, because he fails to state claims that are cognizable under *Bivens*. Therefore, his claims seeking money damages should be dismissed. On the other hand, the undersigned **FINDS** that there are material facts in dispute as to whether the defendants have been applying BOP policy—in the handling of Reynolds's mail—in a manner that complies with Reynolds's First Amendment right to send and receive mail. Consequently, the undersigned **FINDS** that Reynolds has stated a plausible claim of a First Amendment violation, that the issue is not ripe for resolution, and that the parties should be permitted an opportunity to conduct discovery on that issue.

### A. *Claims under Bivens for Money Damages*

In *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court of the United States ("Supreme Court") recognized the right of an individual to seek money damages from a federal agent for violating the individual's Fourth Amendment protections. The Supreme Court expanded the right to money damages against federal agents in 1979 and 1980 by authorizing *Bivens*-like claims for violations of the Fifth and Eighth Amendments. *See Davis v. Passman,* 422 U.S. 228 (1079) *and Carlson v. Green,* 446 U.S. 14 (1980). However, the Supreme Court

8

made clear that expanding *Bivens* to other constitutional violations and contexts had to be approached with hesitancy. For example, in *Bush v. Lucas,* 462 U.S. 367 (1983), the Supreme Court declined to find an implied damages remedy in a First Amendment case against a federal employer. The Supreme Court explained that, "[b]ecause such claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States," it was "inappropriate" for the Court "to supplement that regulatory scheme." *Bush,* 462 U.S. at 368.

In *Ziglar v. Abassi,* the Supreme Court explained its reluctance to expand *Bivens* to other fact scenarios, stating "it is a significant step under separation-of-powers principles for a court to determine that it has the authority, under the judicial power, to create and enforce cause of actions for damages against federal officials in order to remedy a constitutional violation." 137 S. Ct. 1843, 1856 (2017). The Supreme Court established an analytical framework to determine whether or not to recognize an implied damages remedy in a new *Bivens* context. *Id.* at 1859. Under this framework, the first step was to assess whether a given case presented a new *Bivens* context. If it did, then the next step required the court to evaluate, before extending *Bivens* liability, whether there were "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857. If special factors existed, a *Bivens*-like cause of action was not available. *Id.*

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently considered whether an federal inmate's claim of First Amendment retaliation was cognizable under *Bivens. See Earle v. Shreves,* 990 F.3d 774 (4th Cir. 2021). The Fourth Circuit determined that a First Amendment retaliation claim presented a new

9

*Bivens* context and thus required an evaluation of special factors before extending *Bivens* liability. *Id.* at 779. The Fourth Circuit noted that the Supreme Court had never recognized a First Amendment-based *Bivens* remedy, making the first step of the analytical framework easy. Accordingly, the Fourth Circuit considered whether special factors counseled hesitation in extending *Bivens* liability and concluded that a Bivens-like remedy was not available to Earle on his First Amendment retaliation claim. *Earle,* 990 F.3d at 781. Specifically, the Fourth Circuit found that Earle had other remedies available to him, such as "full access to remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program." *Id.* at 780 (citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 74 (2001)). Furthermore, the Fourth Circuit recognized that allowing *Bivens* actions based on retaliation claims could "lead to an intolerable level of judicial intrusion into an issue best left to corrections experts." *Id.* at 780-81.

Given the Fourth Circuit's decision in *Earle,* the undersigned **FINDS** that Reynolds fails to state a cognizable claim under *Bivens* for money damages related to alleged First Amendment retaliation, and those claims should be dismissed, with prejudice, against all of the defendants. In addition, the undersigned **FINDS** that Reynolds fails to state a claim for money damages related to the defendants' alleged mishandling of his mail, which he claims is a violation of his First Amendment rights. This issue has been addressed by several other federal courts, who agree that an inmate's claim of interference with and destruction of his mail presents a new *Bivens* context and that special factors counsel against expansion of a *Bivens* remedy to such claims. The undersigned finds these cases to be persuasive. *See, e.g. Railey v. Ebbert,* 407 F. Supp.3d 510, 521-22 (M.D. Pa. 2019) (collecting cases); *Sheldon v. Underwood,* No. 3:19-cv-2041,

10

2021 WL 1110707, at *4 (N.D. Tex. Feb. 22, 2021) (noting that '[n]either the Supreme Court nor the Fifth Circuit have extended *Bivens* to First Amendment claims."); *Callahan v. Fed. Bureau of Prisons,* 965 F.3d 520, 523 (6th Cir. 2020) ("What's harder still is that the [Supreme] Court has never recognized a Bivens action for any First Amendment right."); *Berk v. Hollingsworth,* No. 17-0091, 2020 WL 6867216, at *4 (D.N.J Nov. 23, 2020) ("The Court also concludes that separation of powers concerns weigh heavily against extending *Bivens* to Plaintiff's First Amendment claims."). Because all of Reynolds's claims for money damages should be dismissed for failure to state a claim, the Court need not address the defendants' affirmative defenses of exhaustion and qualified immunity for these claims.

### B. Claims for Injunctive Relief

Defendants have taken the position that injunctive relief is not available under *Bivens.* The undersigned disagrees that Reynolds is precluded from seeking prospective injunctive relief in this case. While *Bivens* specifically provides a money damages remedy, "[a] court may order injunctive relief against a federal agency in a '*Bivens* type' action." *Jones v. Antonelli,* C/A No. 6:19-cv-03036-MBS, 2020 WL 5557841, at *3 (D.S.C. Sept. 17, 2020) (citing *Ross v. Meese,* 818 F.2d 1132, 1135 (4th Cir. 1987)). Indeed, in *Earle,* the inmate's "access to remedial mechanisms … **including suits in federal court for injunctive relief**" was one of the reasons that the Fourth Circuit declined to expand *Bivens* liability to a First Amendment claim. *Earle*, 990 F.3d at 780 (emphasis added); *also Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) (holding that federal courts may in some circumstances grant injunctive relief against federal officials violating federal law); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) ("And unlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an

entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("Federal courts have long exercised the traditional powers of equity, in cases within their jurisdiction, to prevent violations of constitutional rights.").

Inmates enjoy a First Amendment right to send and receive mail. *Turner v. Safley*, 482 U.S. 78, 84 (1987). However, this right may be restricted by a correctional facility in order to achieve legitimate penological goals. *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."). To ascertain whether a BOP policy restricting mail service is valid, the court applies the four-factor test under *Turner*. 482 U.S. at 89-90. In making this determination, the court must give "substantial deference to the professional judgment of prison administrators." *Beard v. Bank*, 548 U.S. 521, 528 (2006) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

Here, however, the *Turner* test is not particularly relevant, because Reynolds is not challenging the constitutionality of a BOP policy or regulation. Instead, he argues that the defendants are misapplying a BOP policy to intentionally interfere with his incoming and outgoing mail. He claims that the defendants are rejecting mail purportedly on the ground that the mail violates the BOP's prohibition against inmates conducting a business, although the mail being rejected is not business-related and is being rejected solely to harass and retaliate against Reynolds. Thus, it is not the policy itself, but the application of the policy to him, that Reynolds claims is unconstitutional.

(ECF Nos. 2, 4, 8, 12, 42, 44, 71). Accepting Reynolds's allegations as true, the persistent withholding of large amounts of his mail, without a valid penological reason, is sufficient to state a constitutional claim. While the defendants have provided several samples of mail suggesting that Reynolds is conducting a business, the undersigned notes that Reynolds has not been given an opportunity to perform any discovery of his own, and he clearly disputes the defendants' version of the facts.

Moreover, discovery on the issue of exhaustion is also merited. Defendants provide evidence that Reynolds did not exhaust his administrative remedies prior to filing the instant action. Reynolds responds that he was prevented from exhausting his remedies by Defendant Wiseman's threats and orders. He states that he tried to circumvent Defendant Wiseman by submitting a "sensitive" BP-9 form, but his grievance was rejected out of hand on the basis that it was not sensitive. As a result, Reynolds claims that the administrative remedy procedure was rendered unavailable to him. Until these claims are further investigated, the Court cannot determine the issue of exhaustion.

Therefore, the undersigned **FINDS** that Reynolds has stated a plausible claim of First Amendment violations that merit discovery, as do his claims related to the unavailability of the administrative remedy process. Consequently, Defendants' motion to dismiss Reynolds's request for injunctive relief is premature, as is Reynolds's Motion for Summary Judgment.

V. **Proposal and Recommendations**

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims for money

13

damages should be dismissed against all of the defendants, and Plaintiff's claim for injunctive relief remain pending in order to allow discovery; and

2. Plaintiff's Motion for Summary Judgment be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 30, 2021

Cheryl A. Eifert
United States Magistrate Judge

14