IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD REYNOLDS,

        Plaintiff,

v.                                  **Case No. 5:20-cv-00753**

D. L. YOUNG, Warden, et al.,

        Defendants.

### MEMORANDUM OPINION and ORDER

Pending are two motions filed by Plaintiff; including Plaintiff's Motion to Appoint Officer to Administer Oath and Take Testimony, (ECF No. 134), and Plaintiff's Motion to Sanction Defendants. (ECF No. 136). Defendants have filed responses to the Motions. (ECF Nos. 141, 142). Having considered the Motions, the Court **DENIES** them.

In the Motion to Appoint an Officer, Plaintiff acknowledges his obligation to have an officer present at depositions to swear the witnesses and take testimony. He asks the Court to appoint such an officer under Federal Rule of Civil Procedure 28(a)(1)(B). However, Plaintiff fails to provide any justification for such an appointment. Rule 28 "outlines *who is allowed* to take depositions; it does not create a duty for the court to find such a person and require them to administer depositions at the government's expense." *Badaiki v. Cameron Int'l Corp.*, No. 4:19-CV-371, 2020 WL 8990869, at *1 (S.D. Tex. Nov. 20, 2020). The 1946 advisory committee notes to Rule 28(a)(1) explain that the purpose of the section is to provide for "the situation, occasionally arising, when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths and take testimony according to the terms of the rule

1

as originally stated" or to afford "a more convenient method of securing depositions in the case where state lines intervene between the location of various witnesses otherwise rather closely grouped." *See* 1946 advisory committee notes to Rule 28(a)(1). Neither of those situations apply here. There is no state line issue in this case, and FCI Beckley is not an isolated location. Depositions have been and likely will be taken at the facility with court reporters readily available to administer oaths and take testimony.

Moreover, Plaintiff's *in forma pauperis* status alone does not merit the appointment of an officer. *See Love v. Mem'l Health Univ. Med. Ctr., Inc.,* No. CV 413–112, 2013 WL 6408344, *1 (S.D. Ga. Dec. 6, 2013) ("no provision of the IFP statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.") (internal markings omitted). Rule 28(a)(1)(B) was not created with the goal of minimizing expenses to a litigant, but was designed to provide the court with the power to appoint officers when unique situations required it. *Nusbaum v. MBFG Ltd. P'ship*, No. CIV.A. 07-1032, 2009 WL 2605320, at *2, n. 1 (W.D. Pa. Aug. 21, 2009). "Civil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cnty. Bd. of Educ.*, 655 Fed. Appx.151, 157, n. 4 (3d Cir. 2016). "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Gochie v. Beaver*, No. 5:18-CV-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019); *also Blackwell v. Houser,* Case No. 5:16-cv-67-FDW, 2017 WL 392184, at *3 (W.D.N.C. Jan. 27, 2017) (collecting cases). For these reasons, Plaintiff's motion seeking the appointment of an officer is denied.

On a slightly different, but related matter, the undersigned notes Defendants' response in which they represent to the Court that Plaintiff did not follow any of the required steps to notice the depositions. As Defendants point out, they are entitled to reasonable written notice of the depositions, as well as notice of the issuance of subpoenas prior to their service. After the notice has been provided, the subpoenas must be properly served on the witnesses in order to secure their appearance at deposition. Plaintiff is admonished that he must follow the steps outlined in the Rules of Civil Procedure. His *pro se* status does not relive him of the obligation to comply with the rules. *Ronell v. Cabbagestock*, No. CV 0:20-871-DCN-PJG, 2020 WL 6802909, at *1 (D.S.C. Nov. 18, 2020) ("These rules are applicable to all litigants including those who are proceeding *pro se.*"). Therefore, if Plaintiff decides to proceed with depositions in this case, he must retain an officer, notice the depositions, and properly serve subpoenas on the witnesses, if necessary. Plaintiff is advised that a subpoena is not required to secure the attendance of a named party at his or her deposition, but a proper notice is required. A subpoena *may* be required to compel a witness, including a party, to supply documents. In any event, Plaintiff must comply with the directives of the federal discovery rules found in the Rules of Civil Procedure, Rule 26 through Rule 37.

In his Motion for Sanctions, Plaintiff contends that he is entitled to an Order compelling Defendants to participate in discovery. Defendants respond that they are participating in discovery and are abiding by the appropriate time frames. A review of the docket reflects that Defendants are correct. Discovery responses are typically due within thirty days after they are served on the adverse party. Service of discovery papers is completed as set forth in Federal Rule of Civil Procedure 5. Rule 5 provides alternative methods of service, including by mailing it to the adverse party or by filing it with the

court's electronic-filing system if the adverse party is a registered user. When discovery is sent by mail, three days is added to the response date to account for the time it takes for the mail to be delivered. *See* Fed. R. Civ. P. 6(d). When the response date falls on a weekend, it is extended to the first following work day that is not a holiday.

According to the docket, Plaintiff filed a request for production of documents on November 12, 2021, which was the first formal discovery document filed by Plaintiff. A review of the document indicates that Plaintiff did not provide a certificate of service, as required, but did date the document November 9, 2021. Presumably, the document was mailed to the Clerk, but not to the defendants, meaning that the thirty-day response time did not start, at the earliest, until the Clerk received the document, docketed it, and notified defendants' counsel that it had been filed. As such, and as Defendants emphasize, the first date a response was due was December 13, 2021, which was the first non-holiday work day after Sunday, December 12, 2021. Defendants did respond to discovery beginning on that date. For this reason, Plaintiff's motion is premature and is denied.

The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

**ENTERED:**  December 14, 2021

Cheryl A. Eifert
United States Magistrate Judge

4