IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD REYNOLDS,

      **Plaintiff,**

v.                                           Case No. 5:20-cv-00753

FEDERAL BUREAU OF PRISONS,
D.L. YOUNG, Warden, in his official capacity;
MANNING, SIS Officer, in his official capacity;
SWEENEY, SIS Officer, in his official capacity;
WISEMAN, BANTON, and ANSLEY, in their
official capacities,

      **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending are the following motions filed by Plaintiff: (1) Motion to Order Defendants to Use Video in Event Plaintiff Goes to SHU, (ECF No. 213); (2) Motion for an Additional 15 Interrogatories, (ECF No. 215); and Motion for Order Directing Defendants to Give Plaintiff Discovery, (ECF No. 216). For the following reasons, the first two motions are **DENIED,** and the Motion asking that the defendants provide Plaintiff with additional time to review documents, (ECF No. 216), is **GRANTED**.

    1. *Motion to Order Defendants to Use Video*

In this Motion, Plaintiff complains that he has been threatened by Defendant Wiseman in the past and recently was required to provide a specimen for a random urinalysis even though he is not a drug user. Plaintiff fears that certain members of FCI Beckley's staff are trying to find a reason to place Plaintiff in the Special Housing Unit ("SHU") where there are no cameras to capture the actions of the staff. Plaintiff asserts

1

that "Black men are known to be brutally beaten" in the SHU, and he believes staff wish to retaliate against him in this manner. Plaintiff makes clear that he has no suicidal ideations and no intent to resist direct orders of the staff. Therefore, he asks the Court to order the installation of cameras in the SHU for his protection in the event he is placed in the SHU. (ECF No. 213).

In response, Defendants deny Plaintiff's claim that Black men are known to be assaulted in the SHU. (ECF No. 218). Defendants indicate that Reynolds is not in the SHU and merely speculates that someday he will be placed in that unit. Defendants add that Plaintiff has no proof that the SHU lacks surveillance cameras, or that he has been threatened by anyone since the last threat allegedly made in October 2020. Defendants explain that the use of video surveillance is governed by BOP policy, and the Court should not order an exception for one inmate based upon the inmate's speculation. Defendants submit the policy governing the use of force in FCI Beckley. (ECF No. 218-1).

In a reply memorandum, Plaintiff states that he has personally interviewed and documented accounts of Black men being tortured or assaulted while in the SHU, or enroute to the SHU, and there has been no video recording to capture the events. Plaintiff indicates that white supremacy is a problem in BOP facilities, and routine assaults on Black men result from this problem. Plaintiff argues that ordering the prison to make video cameras available in the SHU does not unduly burden the BOP.

Plaintiff's request simply cannot be granted. Courts are limited to minimal involvement in the day-to-day operations of correctional institutions. *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995) (holding that federal courts ought to afford appropriate deference and flexibility to officials tasked with the day-to-day management of prisons.). Prison administrators are to be "accorded wide-ranging deference in the adoption and

execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Block v. Rutherford*, 468 U.S. 576, 585 (1984) (quoting *Bell v. Wolfish,* 441 U.S. 520, 547 (1979)). Because prison administrators have expertise in prison management, which the Court does not, it is not within the Court's purview to micro-manage tasks such as the placement of cameras within a correctional facility. This is particularly true when there has been no showing that the current camera placement violates constitutional mandates.

Plaintiff is correct that he has a constitutional right to be free of unprovoked attacks by prison staff. However, Plaintiff's speculation that a unit transfer might occur, and his added speculation that he might be harmed should such a transfer happen do not establish a factual basis for an Eighth Amendment violation. Accordingly, the Court declines to order FCI Beckley to change its current practices in the SHU as they pertain to the installation and placement of video surveillance cameras.

### 2. *Motion for an Additional 15 Interrogatories*

Three months after expiration of the deadline for serving written discovery, Plaintiff asks for leave to serve fifteen additional interrogatories on Defendants. (ECF No. 215). However, Plaintiff provides no logical explanation for his request. Plaintiff presumes that he is going to have access to the mail that has been withheld by FCI Beckley and believes he will need to question Defendants about that mail. As Defendants point out, Plaintiff has not received the mail; therefore, he cannot know that he will require more discovery. (ECF No. 221). The undersigned agrees. Given that Plaintiff has not seen the mail, and potentially may not be permitted to see it, the request is premature.

Plaintiff also discusses the fact that the mail has not been returned to the senders, as is normally the policy and practice of FCI Beckley. The undersigned finds this

3

discussion to be curious as the mail has been retained, and not returned, upon order of the Court, which order was generated **at Plaintiff's request**. Therefore, in the absence of good cause for an extension of the discovery deadline, the Court finds no justification for allowing Plaintiff additional interrogatories.

### 3. *Motion for Order Directing Defendants to Give Plaintiff Discovery*

In this Motion, Plaintiff states that he has not been provided with adequate time to review discovery responses that the Court ordered the defendants to provide. (ECF No. 216). Apparently, the responsive documents are being held by Plaintiff's case manager, and she allegedly has not given him a sufficient opportunity to carefully examine them. In response, Defendants states that Plaintiff has had adequate access to the documents, and if there are any specific documents he needs to attach to a filing, the staff will copy the documents for him and facilitate their attachment. (ECF No. 222).

Plaintiff must be permitted to have a reasonable opportunity to review documentation in this case. Consequently, as he feels he has not been given that opportunity, Defendants are **ORDERED** to provide Plaintiff with additional time to review the documents and allow him to select specific portions of the documents that he wishes to attach to filings with the Court. Defendants shall then facilitate the production of these documents to the Court.

The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

ENTERED: April 12, 2022

Cheryl A. Eifert
United States Magistrate Judge