UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DONALD REYNOLDS,

    Plaintiff,

v.                                                                                CIVIL ACTION NO. 5:20-cv-00753

D.L. YOUNG,
SIS OFFICER MANNING,
SIS OFFICER SWEENY,
OFFICER WISEMAN,
OFFICER BANTON,
OFFICER ANSLEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending is Plaintiff Donald Reynolds' Motion to Amend as Ordered by the Court filed March 4, 2022. [Doc. 212]. This matter is ready for adjudication.

**I.**

    On November 17, 2020, Mr. Reynolds, an inmate at Federal Correctional Institution ("FCI") Beckley, instituted this action against several Bureau of Prisons ("BOP") employees. [Doc. 1]. He alleges that several employees purposely mishandled his mail on multiple occasions. [Doc. 12]. While the parties appear to have amicably resolved the first dispute, Mr. Reynolds additionally claims that BOP employees retaliated against him for raising subsequent issues. *Id.*

    On March 4, 2022, Mr. Reynolds filed the instant motion. He challenges a disciplinary proceeding adjudicating him guilty for conducting an unauthorized business, in

violation of 28 C.F.R. § 541.3, Table 1, 334. [Doc. 212]. He asserts the Disciplinary Hearing Officer ("DHO") violated his due process rights and committed a double jeopardy violation based upon the DHO's putative earlier finding that Mr. Reynolds was innocent of the alleged misconduct. *Id*. at 2-3. Mr. Reynolds additionally contends that the DHO's decision prevented him from transferring to another facility and obtaining certain employment at his present facility. *Id.* at 4. Moreover, he asserts it raised his custody level three points. *Id*. The Defendants respond the motion is futile and should be denied inasmuch as Mr. Reynolds has not identified a protected liberty interest. [Doc. 220 at 3-4]. Moreover, they contended that his alleged injuries are purely speculative. *Id.* at 4-5. Mr. Reynolds replied on March 28, 2022. [Doc. 228].

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 18]. Magistrate Judge Eifert filed her PF&R on April 12, 2022, recommending the Court deny the motion to amend. [Doc. 234]. Magistrate Judge Eifert determined that "because the amendment to the complaint cannot withstand a motion to dismiss," it is futile and should be denied. *Id.* at 6. Mr. Reynolds timely objected on April 22, 2022. [Doc. 237]. He contends that (1) Magistrate Judge Eifert made erroneous factual findings, (2) he asserted a protectable liberty interest, and (3) his actions were not prohibited by BOP policy. *Id.*

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

*A. Objection to Factual Findings*

Mr. Reynolds initially objects to Magistrate Judge Eifert's failure to find that a DHO hearing first occurred on April 12, 2021. [Doc. 237 at 1-2]. At that alleged hearing, Mr. Reynolds claims the DHO initially found him "not guilty" of conducting an unauthorized business before reversing her decision at a second disciplinary hearing on May 3, 2021. *Id*. This procedure, Mr. Reynolds asserts, violated the Double Jeopardy Clause and the Due Process Clause. *Id*.

The Double Jeopardy Clause provides that no person shall be subject "for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (emphasis in original) (citing *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)). "Prison disciplinary proceedings," however, "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Consequently, courts have held that "the Double Jeopardy Clause does not apply to repeated disciplinary proceedings." *Martin v. West*, C/A No. 8:17-2754-MGL-JDA, 2017 WL 6888825, at *2 (D.S.C. Dec. 15, 2017); *see also Terron v. Kupec*,

No. Civ.A. AMD-01-2155, 2001 WL 34698403, at *1 (D. Md. July 30, 2001), *aff'd*, 48 F. App'x 79 (4th Cir. 2002) ("Double jeopardy does not apply to prison disciplinary proceedings.").

Mr. Reynolds' only evidence in support of his claim that a DHO hearing took place on April 12, 2021, are his own self-serving statements. The Defendants have produced the May 3, 2021, DHO report, which reflects that Mr. Reynolds was found guilty of conducting an unauthorized business. [Doc. 220-1 at 4-8]. The report moreover contains no record of Mr. Reynolds identifying a prior DHO decision. *Id.* Accordingly, Mr. Reynolds has failed to establish a hearing occurred on April 12, 2021, much less that the DHO adjudicated him innocent of the charged infraction. Irrespective of those defaults, Mr. Reynolds cannot muster a Double Jeopardy violation inasmuch as that right does not apply in prison disciplinary proceedings.

Mr. Reynolds next objects to the Magistrate Judge's "speculation" as to when his books were written and published. [Doc. 237 at 4]. There was no speculation. She correctly concluded from the record that "[m]ost, if not all" of Mr. Reynolds' novels were published after 2007. [Doc. 234 at 11]. Notably, Mr. Reynolds does not explicitly dispute this point; he has offered no evidence to the contrary. The Court thus **OVERRULES** Mr. Reynolds' objection to the factual findings in the PF&R.

### B. Objection to Lack of Liberty Interest

Mr. Reynolds next objects to the Magistrate Judge's conclusion that he failed to identify a liberty interest supporting his alleged Due Process deprivation. [Doc. 237 at 3]. He essentially shifts his contention instead to the assertion that the DHO's decision violated his First Amendment rights and "chilled" future expression. *Id.* at 2-3.

Under the Due Process Clause, no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V; *see Wolff*, 418 U.S. at 556 (stating

that these protections similarly apply to prisoners). To establish a Due Process violation, a prisoner must demonstrate that (1) he "had a protectable liberty interest," and (2) the defendant "failed to afford minimally adequate process to protect that liberty interest." *Thorpe v. Clarke*, 37 F.4th 926, 941 (4th Cir. 2022) (citing *Burnette v. Fahey*, 687 F.3d 171, 180, 181 (4th Cir. 2012)). While a prisoner "loses a significant interest in his liberty for the period of his sentence," *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991), he "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Moreover, to afford minimally adequate process, the defendant must provide the prisoner (1) "written notice of the alleged disciplinary violation at least 24 hours before the hearing," (2) "a hearing, at which [he] may call witnesses and present documentary evidence," and (3) after the hearing, "a written statement describing the reasons for the disciplinary action taken." *Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016) (citing *Wolff*, 418 U.S. at 557-58, 563-65).

Mr. Reynolds seriously mischaracterizes the nature of the DHO's decision. He was not punished for the content or the context of his speech. He was instead sanctioned on a neutral basis for operating an unauthorized business, in violation of 28 C.F.R. § 541.3, Table 1, 334, [Doc. 220-1 at 4-8]. He has utterly failed to offer any authority suggesting that such a restriction gives rise to a protectable liberty interest. Were it otherwise, the Magistrate Judge nevertheless concluded he was afforded minimally adequate process; the record confirms that conclusion. Mr. Reynolds was provided with notice of the charges on March 25, 2021, and the DHO hearing occurred on May 3, 2021. [Doc. 220-1 at 5]. At that hearing, despite being advised of his right to do so, Mr. Reynolds declined to present any evidence. *Id.* And, finally, the DHO report provides

a written explanation for the disciplinary action. *Id.* at 6-7. The Court thus **OVERRULES** Mr. Reynolds' objection to the lack of liberty interest finding in the PF&R.

*C. Objection Relating to Violation of BOP Policy*

Finally, Mr. Reynolds objects to the Magistrate Judge finding no error with the DHO report adjudicating him to be conducting an unauthorized business. [Doc. 237 at 4]. He asserts that advertising, asking his wife to transfer funds, and creating a film are not prohibited acts under BOP policy. *Id*. Moreover, he contends that BOP employees had authorized these acts, and he should not "suffer punitive consequences" in reliance on such authorization. *Id.* at 4.

In a prison disciplinary proceeding, "the requirements of due process are satisfied if some evidence supports the decision." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached." *Id.* at 455-56. "This is an exceedingly lenient standard, requiring only 'a modicum of evidence' in order 'to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.'" *Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (quoting *Hill*, 472 U.S. at 455).

Assuming Mr. Reynolds had a protectable liberty interest at stake, sufficient evidence existed for the DHO to conclude that he operated an unauthorized business, in violation of 28 C.F.R. § 541.3, Table 1, 334. As recounted in the incident report provided to the DHO, the reporting officer discovered an internet site for a publishing company, which listed Mr. Reynolds as the "owner and lead writer." [Doc. 220-1 at 7]. The officer also reviewed Mr. Reynolds' emails and uncovered several that related to the publishing business. *Id.* While the DHO also considered

Mr. Reynolds' verbal denials, she ultimately gave greater weight to the officer's written report. *Id.* at 7. Moreover, Mr. Reynolds has failed to substantiate his claim, also not raised at the DHO hearing, that he was given prior authorization for his prohibited activities. Inasmuch as the DHO had some evidence to support her finding and conclusion, the Court **OVERRULES** Mr. Reynolds' objection that his conduct did not violate BOP policy.

### IV.

For the reasons discussed above, the Court **OVERRULES** Mr. Reynolds' objections **[Doc. 237]**, **ADOPTS** the PF&R **[Doc. 234]**, and **DENIES** Mr. Reynolds' motion to amend **[Doc. 212]**.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: February 6, 2023

Frank W. Volk
United States District Judge