# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

DONALD REYNOLDS,

    Plaintiff,

v.                                             CIVIL ACTION NO. 5:20-cv-753

D.L. YOUNG,
MANNING,
SWEENY,
WISEMAN,
BANTON,
ANSLEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Donald Reynolds' objections to several non-dispositive orders entered by Magistrate Judge Cheryl A. Eifert [Docs. 66, 100, 252, 253, 291, 299]. These matters are ready for adjudication.

### I.

On November 17, 2020, Mr. Reynolds, an inmate at Federal Correctional Institution ("FCI") Beckley, instituted this action against several Bureau of Prisons ("BOP") employees. [Doc. 1]. He alleges that several employees purposely mishandled his mail on multiple occasions. [Doc. 12]. While the parties appear to have amicably resolved the first dispute, Mr. Reynolds claims that the employees later retaliated against him for raising subsequent issues. *Id.*

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 18]. In accordance with that referral, throughout the course of this case, Magistrate Judge Eifert resolved several non-dispositive motions, to which Mr. Reynolds has objected. The specifics of those objections are discussed below.

## II.

*Federal Rule of Civil Procedure* 72(a) provides that when a magistrate judge adjudicates a non-dispositive pretrial matter, a party may object to that ruling within 14 days after being served with a copy of the decision. The district judge must then consider the objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014) (quoting *MMI Prods. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005)).

A court's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is nevertheless left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948); *see also Harman v. Levin*, 722 F.2d 1150, 1152 (4th Cir. 1985). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall*

2

*Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating "substantial deference [is often given] to a magistrate judge in considering" a ruling on a non-dispositive motion). "In light of the broad discretion given to a magistrate judge in the resolution of non[-]dispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Matthews v. Island Operating Co., Inc.*, No. 5:18CV97, 2019 WL 313194, at *2 (N.D. W. Va. Jan. 24, 2019) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D. W. Va. Dec. 6, 2010)).

### III.

Mr. Reynolds has objected to five orders entered by Magistrate Judge Eifert. [Docs. 60, 96, 249, 235, 290]. With respect to each order, he occasionally raises multiple objections. For the sake of clarity, the Court will address his objections by the order to which they refer.

*A. Objection to May 18, 2021 Order [Doc. 60]*

Mr. Reynolds first objects to Magistrate Judge Eifert granting his "Motion to Stay Ruling on Renewed Motion for Preliminary Injunction." [Docs. 33, 66]. After filing this motion, Mr. Reynolds contends that the Defendants took adverse action against him, reviving the need for a preliminary injunction. *Id.* But since the filing of this objection, the Court denied Mr. Reynolds' motions for a preliminary injunction[1] [Doc. 87], and therefore it now **OVERRULES** this objection **AS MOOT**.

---

[1] The Court construes Docket Entry 56 as an affidavit and not a fourth motion for a preliminary injunction.

### B. Objection to September 30, 2021 Order [Doc. 96]

Next, Mr. Reynolds objects to Magistrate Judge Eifert denying his "Motion to Order Extension or Decide Issue on the Merits." [Docs. 94, 100]. That motion related to a disciplinary proceeding, which is not part of this case. In fact, the Court denied Mr. Reynolds' motion to amend his complaint to add that very issue. [Doc. 313]. Accordingly, because his "Motion to Order Extension or Decide Issue on the Merits" concerns an issue outside the scope of this case, the Court **OVERRULES** his objection.

### C. Objection to May 16, 2022 Order [Doc. 249]

Mr. Reynolds further objects to the denial of his "Motion to Release Rejected Mail Due to Change in Mailroom Policy." [Docs. 239, 252]. In support of his objection, Mr. Reynolds notes that FCI Beckley changed its policy with respect to greeting cards during the pendency of this case. [Doc. 252]. As a result, he requests the return of his previously rejected cards. *Id.* Magistrate Judge Eifert determined that such relief would afford Mr. Reynolds favorable treatment compared to other inmates and that, in any event, such a policy change did not have retroactive effect. [Doc. 249]. Because the policy change was not intended to apply to pending cases or to have retroactive effect, *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 172 (4th Cir. 2010) (detailing the test for retroactive application of statutes and regulations), Magistrate Judge Eifert's ruling was not contrary to law, and the Court therefore **OVERRULES** Mr. Reynolds' objection.

### D. Objection to April 13, 2022 Order [Doc. 235]

Next, Mr. Reynolds objects to Magistrate Judge Eifert's conclusions following an *in camera* review of rejected pieces of mail.[2] [Doc. 253]. He asserts that he was not afforded an

---

[2] Based on Mr. Reynolds' assertion of when he received the April 13, 2022 Order [Doc. 253 at 1],

4

opportunity to respond to the Defendants' explanations for each rejection and moreover contends that FCI Beckley failed to filter out every piece of mail that violated policy. *Id.* Mr. Reynolds appears to misunderstand the purpose of *in camera* review. After denying Mr. Reynolds' motions to compel the production of every rejected piece of mail, Magistrate Judge Eifert ordered the Defendants to provide the disputed mail to the Court for *in camera* review as an alternative. [Doc. 207]. Following her review, Magistrate Judge Eifert determined that 56 pieces of mail were rejected in accordance with FCI Beckley policy and that 11 pieces of mail required further explanation. [Doc. 235]. Providing Mr. Reynolds with an opportunity to respond would have completely defeated the purpose of this process as he necessarily would have reviewed the rejected mail. Accordingly, "[i]n light of the broad discretion given to a magistrate judge in the resolution of non[-]dispositive discovery disputes," *Matthews*, 2019 WL 313194, at *2 (citing *Detection Sys., Inc.*, 96 F.R.D. 152, 154), the Court concludes that Magistrate Judge Eifert's ruling was not contrary to law and therefore **OVERRULES** Mr. Reynolds' objection. The fact that FCI Beckley failed to filter out every piece of mail that violated policy does not alter this conclusion.

### E. Objections to August 18, 2022 Memorandum Opinion and Order [Doc. 290]

Mr. Reynolds has filed five objections with respect to Magistrate Judge Eifert's August 18, 2022 Memorandum Opinion and Order. [Docs. 291, 299]. First, he objects to Magistrate Judge Eifert granting his own motion to have the rejected mail preserved on the record for appellate review. [Docs. 251, 291 at 2]. He contests Magistrate Judge Eifert's decision to seal the rejected mail rather than only seal the senders' personal addresses. [Doc. 291 at 2]. But only sealing the senders' personal addresses would have in effect provided Mr. Reynolds with the mail,

---

the Court deems his objection timely filed.

which is the subject of this case. On the other hand, returning the mail to its senders would have violated the Court's previous orders, requested by Mr. Reynolds [Docs. 8, 26], that FCI Beckley and its third-party contractor preserve and maintain any rejected mail. [Docs. 20, 27]. Furthermore, in rendering her decision, Magistrate Judge Eifert also adhered to the requirements for sealing documents outlined in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). [Doc. 290 at 2-3]. Accordingly, as her ruling was not contrary to law, the Court **OVERRULES** Mr. Reynolds' objection.

Next, Mr. Reynolds objects to Magistrate Judge Eifert's "suggestion that people in the public may utilize MailGuardTracker.com" because the public is "unaware of [its] existence." [Doc. 291 at 3]. While Magistrate Judge Eifert did mention that senders could receive notification of their rejected mail on MailGuardTracker.com, this fact was not material to her decision. [Doc. 290 at 3]. At bottom, she determined that the rejected mail should not be returned to senders because of her preservation orders. *Id.* The Court thus **OVERRULES** Mr. Reynolds' objection.

Mr. Reynolds further objects to Magistrate Judge Eifert's denial of his "Motion for Release of the Plaintiff's 7 Greeting Cards and Advertisements." [Docs. 254, 291 at 4-6]. In support of his objection, Mr. Reynolds notes that FCI Beckley changed its policy with respect to greeting cards and advertisements during the pendency of this case. [Doc. 291 at 4-6]. However, as previously explained, because the policy change was not intended to apply to pending cases or to have retroactive effect, *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 172 (4th Cir. 2010) (detailing the test for retroactive application of statutes and regulations), Magistrate Judge Eifert's ruling was not contrary to law, and the Court therefore **OVERRULES** Mr. Reynolds' objection.

Mr. Reynolds also objects to Magistrate Judge Eifert's assertion that he only attached one advertisement to an affidavit. [Doc. 291 at 6]. Despite the fact that Magistrate Judge

Eifert is correct [Doc. 284 at 4], Mr. Reynolds notes that he has filed other advertisements, which he received in violation of FCI Beckley policy [Doc. 291 at 6]. He thus in essence argues that the policy against advertisements was arbitrarily enforced. *Id.* But this argument fails to address Magistrate Judge Eifert's denial of his motion for the release of greeting cards and advertisements. [Doc. 290 at 4-5]. Indeed, the fact that FCI Beckley failed to filter out some advertisements does not mean that Mr. Reynolds is entitled to the others. The Court therefore **OVERRULES** this objection.

Finally, Mr. Reynolds objects to the denial of his motion to conduct additional discovery. [Docs. 259, 299]. Contrary to Magistrate Judge Eifert's recitation of his claims, he contends that he has also made a claim for lack of notice. [Doc. 299]. Based on a review of his amended complaint [Doc. 12], however, the Court concludes that no such claim was pled. Accordingly, Magistrate Judge Eifert's denial of Mr. Reynolds' motion was not contrary to law, and the Court **OVERRULES** his objection.

### IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Reynolds' objections to Magistrate Judge Eifert's orders.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: March 16, 2023

Frank W. Volk
United States District Judge